Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email:  mike@MJonesOC.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MARK POTTER,

       Plaintiff,

v.

HUNT & HENRIQUES, INC.,

       Defendant

Case No.

COMPLAINT

DEMAND FOR JURY TRIAL

COUNT 1: Fair Debt Collection Practices Act, 15 USC 1692 et seq.

COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq.

**COMPLAINT**
1

# INTRODUCTION

1. This is an action for damages brought by Mark Potter (hereinafter "Plaintiff"), an individual consumer, for violations by Hunt & Henriques, Inc. (hereinafter "Defendant") of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly

in entering into and honoring such debts, as specified in this title.

3. In 15 U.S.C. 1692, the United States Congress made the following findings and purpose in creating the Fair Debt Collection Practices Act:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. …

> (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

7. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), in their illegal efforts to collect a consumer debt.

8. Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

## PARTIES & DEFINITIONS

9. Plaintiff, Mark Potter, is a natural person residing in Orange County in the state of California.

10. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11. At all relevant times herein, Defendant, Hunt & Henriques, Inc., was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

12. Defendant is a debt collection company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13. Defendant maintains a registered agent, Janalie Ann Henriques, and may be served through their registered agent at 151 Bernal Rd, Ste 8, San Jose, CA 95119.

14. Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code §

1788.2(e) of the Rosenthal Act, as well as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Because Plaintiff is a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

16. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

17. At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

18. On 6 May 2016, Plaintiff sent a written notice to an alleged creditor Citibank, NA, regarding a Citihealth card account, at PO Box 6497, Sioux Falls, South Dakota, ZIP Code 57117, (hereinafter "Creditor") advising that he disputed the alleged debt owed to Creditor, that he revoked any consent to contact by Creditor, and that he was to never be called again by Creditor or anyone affiliated with Creditor any way. A copy of this written notice is attached hereto as Exhibit A.

19. On or about 1 August 2016, Plaintiff received written correspondence from Defendant, advising that because of Plaintiff's alleged default on the account owed to Creditor, Defendant would be working to attempt to collect the outstanding balance allegedly owed on the account. A copy of this written notice is attached hereto as Exhibit B, and is hereinafter referred to as "Defendant's August Correspondence".

20. Defendant's August Correspondence included the required notice under 15 USC § 1692g(a)-Validation of Debts.  This required notice specifically included the right of Plaintiff to dispute the debt in writing, and to obtain verification of the debt by mail from Defendant.

21. On 27 August 2016, Plaintiff sent a written notice to defendant, by both regular mail and fax, advising Defendant that he disputed the alleged debt owed, that he revoked any consent to contact by Defendant,

and that he was to never be called again by Defendant or anyone affiliated with Defendant any way. A copy of this written notice is attached hereto as Exhibit C, together with the fax receipt, and is hereinafter referred to as "Plaintiff's August Correspondence."

22. On information and belief, no verification of the alleged debt was mailed by Defendant within 30 days of the receipt of Plaintiff's August Correspondence.

23. No verification of the alleged debt was received by Plaintiff within 30 days of the sending of Plaintiff's August Correspondence to Defendant.

24. On or about 1 October 2016, Plaintiff received further collection activity from Defendant in the form of written correspondence, dated 29 September 2016, advising that Defendant intended to file suit against Plaintiff on behalf of creditor to recover on the alleged account owed to Creditor. A copy of this correspondence is attached hereto as exhibit D, and is hereinafter referred to as "Defendant's September Correspondence."

25. Defendant did not cease collection of the alleged debt owed to Creditor until a copy of the verification of the debt was mailed to Plaintiff by

the Defendant. Instead, Defendant continued with their collection activities by sending the Defendant's September Correspondence.

26. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a. FDCPA § 1692g(b)- If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. This provision was violated because no verification of the debt was mailed to plaintiff by defendant, and yet collection activities continued on the alleged account, including the sending of Defendant's September Correspondence.

27. As a result of the above violations of the FDCPA and the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, mental anguish and emotional distress. Plaintiff attempted to seek counseling or therapy for the emotional distress and mental anguish described above but was not able to.

28. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CAUSES OF ACTION

### COUNT I:
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. The foregoing acts and omissions of Defendant and its agents constitute a violation of the FDCPA including, but not limited to, the above-cited provision of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

32. As a result of Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II:
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff reincorporates by reference all of the preceding paragraphs.

34. To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

35. Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

36. As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

37. Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

## COUNT 1:
## Fair Debt Collection Practices Act

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d) and such further relief as the Court deems just and proper.

## COUNT 2:

## Rosenthal Fair Debt Collection Practices Act

a) For an award in favor of Plaintiff and against Defendant pursuant to the RFDCPA for Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiff's costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiff's reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

Dated this 10 March 2017.

**M Jones and Associates, PC**
Attorneys for Plaintiff

_____
Michael Jones

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and demands, a trial by jury.

Dated this 10 March 2017.

                                       **M Jones and Associates, PC**
                                       Attorneys for Plaintiff

                                       _____
                                       Michael Jones

COMPLAINT
14

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA    )
                       )
COUNTY OF ORANGE       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Mark Potter, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      03      10      2017
                           Month    Day    Year

*/s/ Mark W. Potter*
Signature